

Signed: November 21, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 04-45847 EDJ

CLAY SCOTT BELL,                         Chapter 7

                         Debtor./

MEMORANDUM DECISION RE DEBTOR'S MOTION TO AVOID TRUSTEE'S LIEN

    Lois I. Brady, trustee in bankruptcy (the "trustee"), holds a lien on certain proceeds she received when she sold a partnership interest that Clay Scott Bell, the above debtor ("Bell"), owned at the date of his bankruptcy petition. Bell has filed a motion seeking an order avoiding, and preserving for his own benefit, the trustee's lien.

    Bell grounds his motion on Bankruptcy Code § 522(f)(1), by which a debtor can avoid certain liens that impair a debtor's claim of exemption.[1]  Here, Bell has claimed a $50,000 homestead exemption

---

[1] Bankruptcy Code § 522(f)(1) provides, in relevant part: "Notwithstanding any waiver of exemptions but subject to
                                  (continued...)

Memorandum Decision

as to the partnership interest the trustee sold, and he claims that
the trustee's lien impairs that exemption. Alternatively, Bell asks
for an order requiring the trustee to deliver to him $50,000 from
the proceeds of the sale of the partnership interest, representing
the amount of his homestead exemption.

The trustee opposes Bell's motion. The trustee also seeks an
order surcharging Bell's interest in the sales proceeds, should
Bell's motion be granted.

The court will deny Bell's motion, which renders the trustee's
motion moot.

A. <u>Facts</u>

The facts the court needs to decide Bell's motion are
undisputed. Prior to the filing of Bell's chapter 7 petition, Bell
owned a 15% interest in a partnership named "Dome." One of Dome's
assets was certain real property containing multiple units situated
in Oakland, California, County of Alameda (the "Property").
Although Bell had no ownership interest in the Property, or any of
the units comprising the Property, his partnership interest in Dome
entitled him to reside in one of the residential units at the
Property, pursuant to a grant of authority in the Dome partnership

---

[1](...continued)
paragraph (3), the debtor may avoid the fixing of a lien on an
interest of the debtor in property to the extent that such lien
impairs an exemption to which the debtor would have been entitled
under subsection (b) of this section, if such lien is -
    (A)  a judicial lien . . . [subject to certain exceptions
not relevant here]."

Memorandum Decision                2

agreement.

Approximately three months before the filing, one of Bell's creditors, Bruce Beasley ("Beasley"), obtained a judgment against Bell in the sum of $493,181. Beasley then sought to enforce the judgment by recording an abstract of judgment with the Alameda County Recorder's Office. In addition, on September 27, 2004, less than 90 days prior to the date of Bell's chapter 7 filing, Beasley filed and served a motion for a charging order with the California Superior Court pursuant to Cal. Civ. Proc. Code § 708.320.[2] Under California law, the filing of such motion resulted in Beasley obtaining a judgment lien on Bell's 15% interest in Dome. Id.

On October 27, 2004, Bell filed his voluntary chapter 7 petition herein. Thereafter, the trustee filed an adversary proceeding against Beasley to avoid Beasley's judgment lien on Dome as an avoidable preference under Bankruptcy Code § 547(b). On August 3, 2007, this court entered judgment in favor of the trustee. The judgment avoided Beasley's lien on Dome, and preserved the lien for the benefit of Bell's bankruptcy estate pursuant to Bankruptcy Code § 551.[3]

---

[2] Cal. Civ. Proc. Code § 708(a) provides, in relevant part: "A lien on a judgment debtor's interest in a partnership . . . is created by service of a notice of motion for a charging order on the judgement debtor and on [additional parties]."

[3] Bankruptcy Code § 551 provides, in relevant part: "Any transfer avoided under section . . . 547 . . . is preserved for the benefit of the estate but only with respect to property of the estate."

Memorandum Decision 3

Thereafter, the trustee sold Bell's interest in Dome for $381,000 pursuant to an Order Authorizing Trustee to Sell Bankruptcy Estate's Right Title and Interest in Partnership (Dome) entered August 15, 2007. The order provided that the Beasley lien, as preserved for the benefit of the estate, was transferred to the sales proceeds.

The current dispute between the trustee and Bell arises out of Bell's attempt to claim a homestead exemption as to his interest in Dome. Bell's Schedule C (Property Claimed as Exempt) filed as part of his chapter 7 case claims as exempt $50,000 of value in

> Debtor's residence held in the form of a 15% interest in Dome. Dome owns the [Property]. The [Property] is worth approximately $1,000,000. Debtor believes that his interest is less than 15% of the value of the building. The partnership claims a $120,000 charge against the debtor's interest because the partnership has operated in the red for 20 of the last 25 years.

Bell claimed the exemption pursuant to Cal. Civ. Proc. Code § 704.730(a)(1), California's "automatic" homestead exemption (sometimes referred to as an "Article 4" homestead exemption). Bell contends that he resided at the Property at the date of the petition, that the Property was his principal dwelling, and that the fact that the Property was owned by Dome rather than Bell is irrelevant to his right to claim an exemption as to the proceeds from the trustee's sale of Dome.

The trustee disputes that Bell resided at the Property at the date of the petition and contends that even if Bell did, he may not claim a homestead exemption as to his interest in Dome or any portion of the Property.

Memorandum Decision 4

B.  Discussion

For present purposes, the trustee concedes that if Bell is entitled to claim a homestead exemption as to Dome, then Bell would be entitled to avoid the trustee's lien interest in the proceeds from the sale of Dome up to the sum of $50,000, the amount of the exemption claim at issue. See In re Heintz, 198 B.R. 581 (9th Cir. BAP 1996) (holding that if a trustee avoids and preserves a lien on exempt property, the debtor may seek to avoid the trustee's lien and preserve it for the debtor's own benefit if the trustee's lien impairs the debtor's exemption). The trustee also concedes that such lien avoidance, in turn, would entitle Bell to the payment of $50,000 out of the proceeds.

Thus, the key issue is whether Bell may claim a homestead exemption under California law in Dome, a partnership interest, because of the fact that Dome owned the residence where Bell lived. The court concludes in the negative.

The parties agree that the issue is governed by California law. See Bankruptcy Code § 522(b)(2) (authorizing the States to "opt out" of the exemptions specified in the Bankruptcy Code) and Cal. Civ. Proc. Code § 703.130 (whereby California opts out of the Bankruptcy Code exemptions). California Civ. Proc. Code § 703.020(a) provides: "The exemptions provided by this chapter apply only to the property of a natural person."[4] Dome is not a natural person. Thus, Bell

---

[4] "This chapter" within the meaning of Cal. Civ. Proc. Code § 703.020 encompasses both California's Article 4 "automatic"
(continued...)

Memorandum Decision                    5

may not claim any property of Dome, including any interest in the Property, as exempt. Nor does any provision of California law entitle Bell to claim his partnership interest in Dome as exempt.

Moreover, for purposes of California's Article 4 homestead exemption, "homestead" is defined as the debtor's "principal dwelling." Cal. Civ. Proc. Code § 704.710(c). "Dwelling," in turn, is defined as the "place where a person resides." Cal. Civ. Proc. Code § 704.710(a). Dome, however, is not a "dwelling," and thus, cannot be an Article 4 homestead.

The plain language of Cal. Civ. Proc. Code §§ 703.020(a) and 704.710(a) and (c), coupled with the fact that Bell cannot claim his interest in Dome as exempt, would conclusively resolve the pending motions, but for the decision of the California Court of Appeal in <u>Fisch, Spiegler, Ginsburg & Ladner v. Appel</u>, 10 Cal. App. 4th 1810, 13 Cal. Rptr. 2d 471 (1992). In <u>Appel</u>, the court held that the debtors therein could claim an exemption in their residence, notwithstanding the fact that title to the residence was in a revocable trust under which the right to revoke was held by the debtors.

<u>Appel</u>, however, is distinguishable. The court's decision was grounded on the facts that the trust was revocable and that the power of revocation was held by the debtors. The court reasoned that the debtors' right to revoke the trust gave them a contingent

---

⁴(...continued)
homestead exemption, and California's Article 5 "declared" homestead.

Memorandum Decision            6

reversionary interest in the residence at issue, and that the contingent reversionary interest was an interest in real property that was eligible for a debtor to claim as exempt pursuant to California's Article 5 declared homestead provisions. Appel, 10 Cal. App. 4th at 1813, 13 Cal. Rptr. 2d at 473. The court also noted that the debtors claimed a life estate interest in their residence and that the creditor opposing the exemption did not dispute this fact. Id.

Here, Bell has no interest in the Property, or any portion thereof, and no right to acquire title to any interest in the Property by means of a right of revocation.

The court also notes that Bell has furnished no case law in which a court allowed a claim of homestead exemption as to a residence owned by a partnership.

Although not binding, decisions of other states construing their homestead laws are instructive, and support the proposition that Bell may not claim a homestead exemption as to a partnership interest or a residence owned by a partnership. See, In re Gorman, 82 B.R. 253, 256 (D. Vt. 1987) (holding that under Vermont law, individual partners may not claim a homestead exemption in partnership property); In re Brooks, 103 B.R. 123 (Bankr. S.D. Tex. 1988) (same, under Texas law); In re Hale, 2004 Bankr. LEXIS 2495 (Bankr. D. Idaho 2004) (same, under Idaho law); Buchman v. Canard, 926 So. 2d 390 (Fla. 3d Dist. Ct. App. 2005) (same, under Florida law). But see Scoggins v. Taylor, 248 S.W. 2d 549 (Tex. App. 1952) (suggesting that homestead rights may be available to a partner with

Memorandum Decision 7

the consent of all the other partners).

C. Conclusion

For the reasons stated above, the court will issue its order denying Bell's motions on the merits and denying the trustee's motion as moot.

**END OF MEMORANDUM**

Memorandum Decision 8

```
 1                            COURT SERVICE LIST
 2
 3  Scott E. Turner
    Law Offices of Scott E. Turner
 4  2000 Broadway
    Redwood City, CA 94063
 5
    Michael J. McQuaid
 6  Carr, McClellan, Ingersoll et al
    216 Park Rd.
 7  P.O. Box 513
    Burlingame, CA 94011-0513
 8
    Office of the U.S. Trustee
 9  1301 Clay Street, Suite 690N
    Oakland, CA 94612-5217
10
    Kaipo K.B. Young Esq.
11  Bartlett, Leader-Picone & Young, LLP
    2201 Broadway, Suite 803
12  Oakland, CA 94612
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

Memorandum Decision                              9